UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JAY JABLONSKI,

        Plaintiff,                        Case No. 2:23-cv-13097

v.                                         Honorable Susan K. DeClercq
                                                  United States District Judge
OBELTON *et al*.,

                                                        Honorable Curtis Ivy, Jr.
        Defendants.                 United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS (ECF No. 28), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 27), DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF. No. 16), AND SETTING DEADLINE FOR DEFENDANTS TO ANSWER PLAINTIFF'S COMPLAINT**

**I.**

Plaintiff, who is non-binary, gender dysphoric, and uses they/them pronouns, filed this lawsuit *pro se*, alleging that on their first night at the Thumb Correctional Facility, they were savagely raped by their cellmate, which was a direct result of six Michigan Department of Corrections (MDOC) officials' and employees' deliberate indifference to the risk posed by housing them with non-gender dysphoric prisoners. ECF No.1 at PageID.1–2. Defendants filed a motion for summary judgment on the basis that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, *see* 42 U.S.C. §1997e(a). ECF No. 16. Defendants specifically argue that Plaintiff did not pursue their grievance through Step III of the

MDOC grievance process. *Id.* at PageID.67–69/ Plaintiff responds that allegations of sexual abuse do not have to go through MDOC's normal grievance process, pursuant to MDOC's Policy Directive 03.03.130 "Prison Rape Elimination Act ("PREA") and Prohibited Sexual Conduct Involving Prisoners." ECF No. 24.

Defendants' motion was referred to Magistrate Judge Ivy, ECF No. 21, who, after careful consideration, recommended denying the motion. ECF No. 27. Defendants objected, ECF No. 28, prompting a *de novo* review of the magistrate judge's recommendation. As explained below, Defendants' objections will be overruled, Judge Ivy's report and recommendation will be adopted, and Defendants' motion for summary judgment will be denied.

## II.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

**III.**

This Court has reviewed Plaintiff's complaint, ECF No. 1; Defendants' motion for summary judgment, ECF No. 16; the accompanying response and reply, ECF Nos. 24, 26; Judge Ivy's R&R, ECF No. 27, Defendants' objections, ECF No. 28, and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Ivy's factual conclusions are reasonably correct, that he reasonably applied the correct law, and that his legal reasoning is sound.

The crux of the summary judgment motion turns on whether Plaintiff's claim that Defendants failed to protect Plaintiff from sexual abuse by their cellmate falls within MDOC's PREA policy; if so, Plaintiff need not have used MDOC's typical grievance process. Judge Ivy found that the PREA policy was unclear on what types of claims it encompasses. ECF No. 27. Namely, even if the PREA policy is limited to issues "regarding sexual abuse," this could reasonably be interpreted in more than one way. *Id*. at PageID.146–47. On one hand, a "reasonable person could read this and believe that preventing or protecting a prison from sexual abuse is an issue 'regarding sexual abuse.'" *Id*. at PageID.147. On the other, it could mean, as Defendants argue, that it only encompasses the "physical acts of abuse." *Id.* Judge Ivy also carefully analyzed the relationship between MDOC's grievance policy and its PREA policy on this issue, noting the contradictions and lack of clarity between

the two. *Id.* at PageID.147–48. Given that reasonable minds can disagree on which policy applies to claims such as Plaintiff's, Judge Ivy's recommendation that this issue should be determined by the fact finder—not on summary judgment—is correct. Accordingly, Defendants' objections are overruled, Judge Ivy's report and recommendation is adopted, and Defendants' motion for summary judgment is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendants' Objections, ECF No. 28, are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation, ECF No. 27, is **ADOPTED**;

3. Defendants' Motion for Summary Judgment, ECF No. 16, is **DENIED**;

4. Defendants are **ORDERED** to file an Answer to Plaintiff's Complaint within 14 days of this Order.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  10/3/2024