UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC JAY JABLONSKI<br>    Plaintiff,<br>v.<br><br>OBLETON, *et al.*,<br>    Defendants.<br>_____/ | Case No. 23-13097<br><br>Susan K. DeClercq<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING WITHOUT PREJUDICE SECOND MOTION TO APPOINT COUNSEL (ECF No. 31)

This is Plaintiff's second motion for appointment of counsel. In support of his first motion, he stated he cannot afford counsel, the issues in this case are complex, his imprisonment curtails his ability to litigate because of limited access to the library, and counsel will be better able to present evidence and cross-examine witnesses at trial.  (ECF No. 23).  The Court denied that motion without prejudice.  (ECF No. 25).  The Court explained that Plaintiff's claims are not exceedingly complex and should access to the law library hinder his ability to timely file a brief or a motion, Plaintiff may file a simple motion requesting an extension of time explaining the reason for the request.  The Court stated that Plaintiff may move for appointment of counsel again if he defeats a dispositive motion, such as a motion for summary judgment.

The Defendants moved for summary judgment based on exhaustion of administrative remedies. (ECF No. 16). That motion was denied. (ECF No. 29). Plaintiff then filed the second motion for appointment of counsel. (ECF No. 31). In it, he restates his reasons for moving for counsel the first time and adds that he has now defeated a dispositive motion.

This motion is **DENIED WITHOUT PREJUDICE**. Plaintiff's circumstances have not changed since the first motion—no new significant difficulties are impeding Plaintiff's ability to litigate his case. The procedural posture of the case is also largely unchanged. True, Plaintiff defeated a motion for summary judgment on the exhaustion issue. But the Court did not say that doing so would *entitle* Plaintiff to pro bono counsel, it would be one factor to consider. That motion for summary judgment did not test the merits of Plaintiff's claims. The Defendants have not yet answered the complaint. Exceptional circumstances do not exist that would warrant appointment of counsel now. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (Appointment of counsel "is a privilege that is justified only by exceptional circumstances.").

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 16, 2024.   s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 16, 2024.

　　　　　　　　　　　　　　s/Sara Krause
　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　(810) 341-7850