UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JAY JABLONSKI,

      Plaintiff,

v.

ALIYAH OBELTON *et al.*,

      Defendants.

_____/

Case No. 2:23-cv-13097

Honorable Susan K. DeClercq
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION (ECF No. 37)**

On October 3, 2024, this Court adopted Magistrate Judge Ivy's Report and Recommendation, which overruled Defendants' objections and denied Defendants' Motion for Summary Judgement. ECF No. 29. Defendants have filed a motion for reconsideration under E.D. Mich. Local Rule 7.1(h). ECF No. 37. For the reasons stated below, the motion for reconsideration will be **DENIED.**

I.

"Motions for reconsideration of non-final orders are disfavored." E.D. Mich. LR 7.1(h)(2). They may be brought only in three specific circumstances. *Id*. Here, Defendants argue that reconsideration is warranted because "the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior

decision." *Id*. 7.1(h)(2)(A). Specifically, Defendants assert that this Court "did not consider the definition of 'sexual abuse' as stated in MDOC policy." ECF No. 37 at PageID.235. If this Court did, Defendants argue, then the outcome of the prior decision would have been changed because Plaintiff would have been found to have not exhausted their administrative remedies, which is a mandatory step before their claims could be brought to federal court.

However, this Court did consider the definition of "sexual abuse" as stated in MDOC's PREA policy. More importantly, it also considered the MDOC's grievance policy, and the relationship between the grievance policy and the PREA policy. ECF No. 29 at PageID.159. This Court agreed with Magistrate Judge Ivy's finding that there are contradictions between the two policies, and that it is unclear whether the PREA policy could be understood as applying to only those acts listed in the definition of "sexual abuse," or whether it could also be understood to encompass preventing or protecting prisoners from such acts. *See* ECF Nos. 27 at PageID.147; 29 at Page ID.159. Thus, the dispute rests on the definition of the word "regarding," not the definition of "sexual abuse." Although Defendants may disagree with this Court's decision, there was no "mistake" to correct.

Moreover, the confusion caused by the interplay between MDOC's grievance policy and its PREA policy is critical, because if "no ordinary prisoner can make sense of" what is the appropriate procedural mechanism to follow—the PREA policy

- 2 -

- 3 -

or the grievance policy—then the remedy is essentially "unknowable" and thus "unavailable." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016). Summary judgment on the basis of failure to exhaust administrative remedies was therefore inappropriate.

## II.

For the reasons stated above, Defendants' Motion for Reconsideration, ECF No. 37, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 18, 2025