UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JAY JABLONSKI,

        Plaintiff,                              Case No. 2:23-cv-13097

v.                                            Honorable Susan K. DeClercq
                                                  United States District Judge

OBELTON, *et al*

                                                   Honorable Curtis Ivy, Jr.
       Defendants.                         United States Magistrate Judge
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 56); (2) REJECTING REPORT AND RECOMMENDATION (ECF No. 54) AS MOOT; (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 41); (4) DENYING DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT (ECF No. 63); AND (5) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE (ECF No. 64) AS MOOT**

**I. BACKGROUND**

Plaintiff, who is non-binary, gender dysphoric, and uses they/them pronouns, filed this lawsuit *pro se*, alleging that on their first night at the Thumb Correctional Facility, they were raped by their cellmate, which was a direct result of six Michigan Department of Corrections (MDOC) officials' and employees' deliberate indifference to the risk posed by housing them with a non-gender dysphoric prisoner. ECF No. 1 at PageID.1–2. This Court adopted Magistrate Judge Ivy's recommendation that Defendants' motion for summary judgment be denied on the

basis that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997 *et seq*. ECF No. 29.

Defendants thereafter filed an Answer to Plaintiff's Complaint, ECF No. 35, and moved for judgment on the pleadings, ECF No. 41. Defendants argued that Plaintiff failed to allege personal involvement by Defendants Artis, McDonald, Carter, Conner, and Oosterhof, and that Plaintiff failed to state a claim under the Eighth or Fourteenth Amendment against Defendant Obleton. ECF No. 41.

Defendants' motion was referred to Magistrate Judge Curtis Ivy Jr, ECF No. 21, who, after careful consideration, issued a report and recommendation (R&R) recommending Defendant's motion be granted. ECF No. 54. But before this Court reviewed Judge Ivy's R&R, Plaintiff requested leave to file an amended complaint to address the failings in their complaint that were identified by Judge Ivy's R&R.. ECF No. 56. Plaintiff also subsequently, albeit untimely, filed objections to the R&R. ECF No. 58.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

At the outset, before addressing Judge Ivy's R&R, this Court will first address Plaintiff's motion for leave to amend their complaint. ECF No. 56.

### A. Legal Standard

When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written

consent of the adverse party. FED. R. CIV. P. 15(a). Civil Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.; see also Parchman v. SLM Corp.,* 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint." (cleaned up); *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982))). The decision to grant or deny a motion to amend a pleading is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

When determining whether to grant leave to amend, the court is to consider several factors including, "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973)).

## B. Analysis

Here, although the procedural timing of Plaintiff's motion is unusual, there is no substantive reason to deny Plaintiff leave to amend. Plaintiff has not previously amended their complaint, nor did they delay in filing or act in bad faith. Further, any

prejudice to the opposing party would be slight as Plaintiff's "proposed amendment does not change the nature of the case, but rather just clarifies the allegations that [they] had already made in [their] original complaint." *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020); *see also*, *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (holding that plaintiffs ought to have "at least one chance to amend the complaint" where "a more carefully drafted complaint might state a claim.")

And although Plaintiff's initial request to amend did not include a proposed amended complaint, they subsequently filed one a few weeks later, ECF No. 59. Given that Plaintiff is proceeding *pro se*, such an allowance in the technical rules of civil procedures is appropriate.

The critical question, therefore, is whether the proposed amendment is futile. A proposed amendment is futile "if the [claims, even with the] amendment[,] could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, an examination of the merits of each of Plaintiff's claims in the proposed amended complaint is required to determine whether any of Plaintiff's claims could survive a motion to dismiss.[1]

---

[1] In the R&R, Judge Ivy identified several defects in Plaintiff's original complaint which led to his conclusion that Defendants were entitled to judgment in their favor

1. *Plaintiff's Eighth Amendment Deliberate Indifference Claim Against Defendant Obleton*

As in the original complaint, Plaintiff's proposed amended complaint alleges, *inter alia*, that Defendant Obleton was deliberately indifferent to a known risk of harm by placing Plaintiff in a cell with a gender non-dysphoric prisoner and by keeping them in that cell even after seeing a copy of Plaintiff's special housing accommodation. *See* ECF No. 59.

The Eighth Amendment's "prohibition of cruel and unusual punishments requires prison officials to 'ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates.'" *Zakora v. Chrisman*, 44 F.4th 452, 467 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that considers due regard for prison officials' unenviable task of keeping dangerous [inmates] in safe

---

on all claims. ECF No. 54. Because Plaintiff's proposed amended complaint maintains the same claims as the original—simply providing more facts about the underlying incidents—this Court must determine if the defects identified in the R&R remain in the new pleading. *See Yates v. Applied Performance Technologies, Inc.*, 205 F.R.D. 497, 499–500 (noting that if an amended complaint suffers from the same defects addressed in an already pending motion to dismiss, the court may consider the already pending motion as addressing the amended complaint). Accordingly, to determine whether Plaintiff's proposed amended complaint is futile, this Court will consider *de novo* the magistrate judge's R&R and the Motion for Judgment on the Pleadings as applying to Plaintiff's Amended Complaint. *See Klein by Klein v. Caterpillar Inc.*, 581 F.Supp.3d 912, 919-20 (E.D. Mich. 2022).

custody under humane conditions[.]" *Farmer*, 511 U.S. at 844–45 (internal citations omitted). But not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 726 (6th Cir. 2022) (quoting *id.* at 834). For a prison official to be liable for such an injury, the plaintiff must show that the official was deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 828, 832-34.

Deliberate indifference claims must satisfy both an objective and subjective component. An inmate shows objective deliberate indifference if he establishes that the failure to protect from risk of harm is objectively "sufficiently serious," that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 833. To satisfy the subjective component, the plaintiff must establish that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To satisfy the objective component, the inmate must show "that there was a substantial risk of serious harm to inmates generally, or to [themself] specifically." *Hester v. Morgan*, 52 F. App'x 220, 223 (6th Cir. 2002). In the context of LGBTQ+ inmates, it is not enough to simply be a member of the community. Rather, caselaw

- 6 -

reveals that courts tend to look to the characteristics—physical and/or social—of the inmate in question to determine whether a reasonable corrections officer would be on notice that the prisoner plaintiff faced an objectively serious risk of harm. *See Davis v. Chorak*, 624 F. Supp. 3d 870, 881 (W.D. Mich. 2022) ("Davis does not allege that he was part of a particular class of inmates or displayed a characteristic that rendered him vulnerable to attack by predatory inmates in the jail setting.").

For example, in *Bishop v. Hackel*, 636 F.3d 757, 767–68 (6th Cir. 2011), the Sixth Circuit noted that the plaintiff "was young, small, suffering from severe mental illness, and exhibiting a lack of full mental functioning." Not only did the Sixth Circuit note that these characteristics made the plaintiff vulnerable to assault, it also held that these same characteristics would put a reasonable prison official on notice that the plaintiff would require close supervision. *Id.* And in *Lee v. Willey*, 2012 WL 4009629, at *4 (E.D. Mich. Aug. 10, 2012), the Court found that evidence that the plaintiff was homosexual and had problems with anti-gay and sexual harassment at a previous jail was enough to create an issue of material fact as to whether a reasonable corrections officer would be on notice that the plaintiff required close supervision in a different jail.

Among the new facts set forth in Plaintiff's amended complaint that were not present in the original is information detailing Plaintiff's physical characteristics and how they present to other inmates. *See* ECF No. 59 at PageID.519. For example,

Plaintiff alleges that "they favor female in their voice, mannerisms, stature and timidness, especially in the hypermasculine environment of prison." *Id.* Plaintiff also adds that upon arrival to the housing unit, they were hugged and greeted by another gender dysphoric inmate who said, "Hey girl, so glad to see you." *Id*. The amended complaint also states that Plaintiff has been "the victim of multiple reported incidents of sexual assault while in custody with MDOC and also instances of sexual harassment." *Id.*

The amended complaint also alleges that Plaintiff's cellmate, Chris Davis, knew of Plaintiff's gender dysphoria. *See* ECF No. 59 at PageID.523 ("Plaintiff then stated [to inmate Davis] that they must be GD [gender dysphoric] since [they were] assigned together. Inmate Davis told plaintiff not to broadcast their GD status.")

Taken together, these allegations in Plaintiff's amended complaint present facts that would have put Obleton on notice that there was a risk of harm if Plaintiff were housed with a non-gender-dysphoric cellmate, thus satisfying the subjective component of Plaintiff's Eighth Amendment claim.

Accordingly, Plaintiff's amended complaint cures the deficiencies identified in the R&R, ECF No. 54 at PageID.488, 492, and sufficiently states a claim—at least at this stage—against Defendant Obleton. Accordingly, Plaintiff's proposed amended complaint is not futile as to their Eighth Amendment claim against Defendant Obleton.

2. *Plaintiff's Claims against Defendants Artis, McDonald, Carter, Conner, and Oosterhof*

However, Plaintiff's proposed amended complaint still fails to allege any personal involvement of Defendants Artis, McDonald, Carter, Conner, and Oosterhof in a constitutional violation. Although Plaintiff adds more facts involving Defendants Oosterhof, Carter, McDonald, and Artis, *see* ECF No. 59 at PageID.533-34, 543, they all involve actions that occurred *after* the alleged sexual assault incident. *See id.* Thus, there are still not enough facts showing personal involvement by these Defendants to attach liability for the alleged constitutional violations related to Plaintiff's housing placement.

Accordingly, for all the reasons provided by Judge Ivy in the R&R, ECF No. 54 at PageID.476–80, the proposed amended complaint still fails to state a claim against Defendants Artis, McDonald, Carter, Conner, and Oosterhof. Therefore, the proposed amended complaint would be futile as to the claims against these defendants and they are entitled to dismissal from this case.

3. *Plaintiff's Fourteenth Amendment Due Process Claims Against All Defendants*

Similarly, Plaintiff's proposed amended complaint, ECF No. 59, would still be futile as to any Fourteenth Amendment due process claims. The R&R correctly concluded that "[t]here is no connection between [Plaintiff's] allegations and the

- 9 -

kinds of facts required to show a violation of the procedural due process clause." ECF No. 54 at PageID.481.

To establish a procedural due process claim, Plaintiff must show (1) the existence of a protected liberty interest at issue, (2) a deprivation of that liberty interest, and (3) that the plaintiff was not afforded adequate procedures. *Paterek v. Village of Armada*, 801 F.3d 630, 649 (6th Cir. 2015). Whether the procedures provided are adequate is a balance of (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of the interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government's interest and burdens that additional or substitute procedural requirements would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, Plaintiff is not claiming a failure to provide procedures; they claim simply a failure *to follow* existing prison procedures that caused a risk of harm. Plaintiff's proposed amended complaint does not change this. *See* ECF NO. 59. Accordingly, Plaintiff has failed to state a procedural due process claim and their proposed amended complaint would be futile as to this claim.

### C. Conclusion

Having considered all the relevant factors courts must evaluate when deciding whether to grant leave to amend a complaint, this Court finds it is in the interest of

justice to permit Plaintiff to file an amended complaint and to accept their amended complaint, ECF No. 59, as filed on the docket.[2]

In this way, the R&R, ECF No. 54, will be rejected as moot. But, as explained above, Judge Ivy's analysis within that R&R, ECF No. 54, remains relevant to Plaintiff's amended Fourteenth Amendment claims and amended claims against Defendants Artis, McDonald, Carter, Conner, and Oosterhof. *See* ECF No. 59. Thus, this Court will grant Defendants' motion for judgment on the pleadings, ECF No. 41, as to those claims. Thus, only Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Obleton will proceed.

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion to Amend their Complaint, ECF No. 56 is **GRANTED** and Plaintiff's Amended Complaint, ECF No. 59, is **ACCEPTED**;

2. The Magistrate Judge's Report and Recommendation, ECF No. 54, is **REJECTED AS MOOT**;

3. Plaintiff's Objections, ECF No. 58, are **OVERRULED AS MOOT**;

4. Defendants' Motion for Judgment on the Pleadings, ECF No. 41, is **GRANTED IN PART and DENIED IN PART** to the extent that (a)

---

[2] Defendants' motion to strike Plaintiff's amended complaint, ECF No. 63, will therefore be denied, and Plaintiff's motion to extend the deadline to respond to Defendants' motion to strike, ECF No. 64, will be denied as moot.

Plaintiff's Fourteenth Amendment Due Process claim is **DISMISSED**; and

(b) Plaintiff's claims against Defendants Artis, McDonald, Carter, Conner, and Oosterhof are **DISMISSED**;

5. Defendants' Motion to Strike Amended Complaint, ECF No. 63, is **DENIED**; and

6. Plaintiff's Motion for Extension of Time to File Response to Motion to Strike, ECF No. 64, is **DENIED AS MOOT**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 30, 2025